# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

TYRON STAFFORD, )
    Petitioner, )
)
v. ) Case No. CV409-112
)
TERRY DUFFEY, *Warden*, )
)
    Respondent. )

## REPORT AND RECOMMENDATION

Tyron Stafford, who is currently incarcerated at Autry State Prison in Pelham, Georgia, has petitioned the Court over the respondents' opposition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) For the following reasons, the petition should be **DENIED**.

## I. BACKGROUND

Stafford, who pled guilty in Chatham County, Georgia, Superior Court to one count of aggravated sodomy and two counts of rape, was sentenced to three concurrent sentences of life imprisonment. (*Id.* at 1; doc. 13-5 at 75.) He did not file a direct appeal (doc. 1 at 2), choosing instead to file a state habeas petition, which was denied. (*Id.* at 3; doc.

13-7 at 1-10.) Stafford's application for a certificate of probable cause to appeal the state habeas court's determination was also denied. (Doc. 13-9 at 1.) Stafford then filed this federal habeas petition, asserting four grounds for relief:

(1) the state habeas court erred by preventing him from presenting an ineffective assistance of counsel/Fourth Amendment claim during his state habeas proceedings;

(2) counsel was ineffective for failing to contend on appeal that certain evidence was obtained by police fraud in violation of the Fourth Amendment;

(3) his guilty plea was unconstitutional due to counsel's ineffective assistance and coercion; and

(4) his conviction was "obtained in violation of the privilege against self-incrimination due to the involuntary guilty plea."

(Doc. 1 at 5-9 (§ 2254 petition); doc. 11 (Stafford's reply brief).)

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") placed "a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bell v. Cone*, 535 U.S. 685, 693 (2002) (AEDPA was intended "to prevent federal habeas 'retrials'

and to ensure that state-court convictions are given effect to the extent possible under law."); *see Peterka v. McNeil*, 532 F.3d 1199, 1200-01 (11th Cir. 2008) (under AEDPA a federal court's review of a state court ruling is "greatly circumscribed and highly deferential to the state courts") (citation omitted); *Trotter v. Sec'y, Dep't of Corr.*, 535 F.3d 1286, 1290 (11th Cir. 2008) (AEDPA limits a federal court's review of a state court's decisions "and establishes a general framework of substantial deference for reviewing every issue that the state courts have decided.") (citations omitted). These restrictions on federal habeas review are set forth in 28 U.S.C. § 2254(d), which provides that a federal court may grant a writ of habeas corpus for a claim adjudicated on the merits in state court only if the state court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

The "threshold question" under § 2254(d)(1) is whether the habeas petitioner is seeking to apply a rule of law that was clearly established at

the time his state court conviction became final. *Williams*, 529 U.S. at 390. Since the statute expressly provides that only pronouncements "by the Supreme Court of the United States" qualify as "clearly established Federal law," 28 U.S.C. § 2254(d)(1), a federal habeas court may not look to the "the case law of the lower federal courts" in determining what federal law is "clearly established." *Putnam v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001). Further, the statute "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams*, 529 U.S. at 412. These "holdings -- the exclusive touchstone for clearly established federal law -- must be construed narrowly and consist only of something akin to on-point holdings." *House v. Hatch*, 527 F.3d 1010, 1015 (10th Cir. 2008). Unless a prior Supreme Court decision "squarely addresses" the issue presented in the habeas case, *Wright v. Van Patten*, 552 U.S. 120, 128 S. Ct. 743, 746 (2008), or establishes a legal principle that "clearly extend[s]" to the conduct at issue in that case, then it cannot be said that the law is clearly established under AEDPA. *Id.* at 745; *Moses v. Payne*, 555 F.3d 742, 754 (9th Cir. 2009). Thus, "federal courts may no longer extract clearly established law from the general legal principles

developed in factually distinct contexts." *House*, 527 F.3d at 1017. If the federal habeas court makes a threshold determination that the law was not clearly established at the time the state court issued its decision, then that finding is dispositive in the § 2254(d)(1) analysis, and there is no need for the Court to assess whether the state court's decision conflicts with controlling United States Supreme Court authority *Id*.

But where the Supreme Court has decided the issue addressed by the state court, the federal habeas court must determine whether the state court's decision is "contrary to" or involves an "unreasonable application" of the controlling precedent. These § 2254(d)(1) clauses have independent meaning and furnish separate bases for reviewing a state court's decisions. *Bell*, 535 U.S. at 694; *Williams*, 529 U.S. at 404-05; *Putnam*, 268 F.3d at 1241 (11th Cir. 2001). A state court decision is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court on a set of materially indistinguishable facts. *Williams*, 529 U.S. at 405-06, 412-13. In contrast, a state court decision involves an "unreasonable application" of clearly established federal law where it correctly identifies

the governing legal rule from the Supreme Court's cases but applies it unreasonably to the facts of the particular prisoner's case. *Id.* at 407-08, 413. Thus, "[a] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Instead, the state court's application of Supreme Court precedent must be "objectively unreasonable." *Id.* at 409; *Bell*, 535 U.S. at 694; *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001). That presents "a substantially higher threshold" than the pre-AEDPA standard. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

Federal courts also must presume state court factual findings to be correct unless they are rebutted by the petitioner "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This statutory presumption of correctness applies to findings of fact made by both state trial and appellate courts. *Dill v. Allen*, 488 F.3d 1344, 1354 (11th Cir. 2007). Such deference does not apply, however, to mixed determinations of law and fact. *Parker*, 244 F.3d at 836.

6

Finally, a state court's decision rejecting a constitutional claim on the merits is entitled to deference even if the decision is summary in nature and offers no discussion of the court's reasoning. *Wright v. Moore*, 278 F.3d 1245, 1253-54 (11th Cir. 2002) (two-sentence opinion affirming defendant's conviction constituted a rejection of his claim on the merits so as to warrant deference); *Parker*, 331 F.3d at 776 ("the summary nature of [the] decision does not lessen the deference that it is due").

## III. ANALYSIS

Stafford's § 2254 petition is wholly without merit. His first ground for relief is non-cognizable. The rest were waived by his guilty plea, procedurally defaulted, or both.

### A. Non-Cognizable Claim

Stafford repeatedly asserts in his § 2254 petition that a police officer tricked him, using an unsigned and undated warrant, into providing a saliva DNA sample that was later used against him. (Doc. 1-2 at 2.) In Stafford's first ground for relief, he asserts that he was denied due process during his state habeas proceedings based upon the state habeas court's refusal to allow him to develop a factual record as to his

claim of police officer fraud as well as his attorney's failure to highlight that issue during the state suppression proceedings and during an interlocutory appeal. (Doc. 1 at 5; doc. 1-2 at 6.)

At the outset, Stafford has severely mischaracterized the record. Although the warrant that the officer left with him after the search was an unsigned and undated copy, the original warrant had been signed prior to the search.[1] *See State v. Stafford*, 277 Ga. App. 852, 853 (2006). The state trial court suppressed the DNA evidence, but Georgia's Court of Appeals reversed the trial court, holding that the officer's action in handing over a blank copy of the otherwise constitutionally valid warrant was a mere technical violation under the Georgia Code -- the DNA evidence obtained from the search thus was not subject to exclusion. *Id.*

More importantly, the claim as presented is not cognizable in this Court. It is well established that a "defect in a collateral proceeding does not state a basis for [federal] habeas relief." *Quince v. Crosby*, 360 F.3d 1259, 1262 (11th Cir. 2004); *Spradley v. Dugger*, 825 F.2d 1566, 1568 (11th Cir. 1987) (noting that a valid petition must address claims related

---

[1] Stafford suggests that his attorney should have argued that the signed warrant was obtained *after* the search, and would thus be subject to suppression. (Doc. 1-2 at 8; *id.* n.2.) He presents no evidence supporting the assertion, and absent any such evidence, this Court must defer to the state courts' finding that the warrant was signed and dated prior to the search. 28 U.S.C. § 2254(e)(1).

8

to the cause of a petitioner's detention). While the state court habeas proceedings were decided in a manner that kept Stafford in custody, those proceedings are not part of the judgment that led to his custody and are thus non-cognizable under § 2254. *Quince*, 360 F.3d at 1261-62. Consequently, Stafford's first ground should be denied.

**B.     Guilty Plea and Waiver**

Stafford contends in Grounds 2, 3, and 4 that his plea was involuntary. (Doc. 1 at 5-6.) The state habeas court, on the other hand, relied upon *Boykin v. Alabama*, 395 U.S. 238 (1969), in holding that Stafford's plea was voluntary and that all non-jurisdictional pre-plea issues were waived. (Doc. 13-7 at 4-8.)

In *Boykin*, the United States Supreme Court held that a guilty plea must be knowingly and voluntarily entered into to be valid. *Boykin*, 395 U.S. at 242. To show that a plea was knowingly and voluntarily entered, the record must demonstrate that the defendant's plea was informed, voluntary, and made with an understanding of the rights waived by the plea, specifically the privilege against self-incrimination, the right to trial by jury, and the right to confront one's accusers. *Id.* at 243. Here, the state habeas court, relying upon a pages-long sentencing colloquy, found

that Stafford's plea was knowingly and voluntarily entered. (Doc. 13-7 at 4-8.) Stafford repeatedly acknowledged during the entry of his plea that he was in fact guilty, that his plea was voluntary, that he understood the rights he was waiving, and that the government agreed to recommend that he be sentenced to three concurrent life sentences.[2] (*Id.*) Stafford never presented any substantial evidence showing otherwise. That does not end the inquiry, however.

*Tollett v. Henderson*, 411 U.S. 258 (1973), held that while a criminal defendant who enters an unconditional plea of guilty "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea," he may attack the plea itself by showing that the advice he received from his counsel undermined "the voluntary and intelligent character of the plea." *Id.* at 267. Stafford contends in Grounds 3 and 4 that his counsel rendered ineffective assistance and thus his pre-plea advice fell below Sixth Amendment requirements. (Doc. 1 at 5-6.)

---

[2] Such "solemn declarations" before the superior court judge "carry a strong presumption of verity" and rightly constitute a "formidable barrier" for Stafford to overcome in these collateral proceedings. *Cross v. United States*, 2009 WL 211418 at * 8 (S.D. Ga. Jan. 27, 2009) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

In determining whether counsel's advice undermined the plea, the Court relies upon *Hill v. Lockhart*, 474 U.S. 52 (1985), which advanced a slightly modified version of the ineffective assistance of counsel test first announced in *Strickland v. Washington*, 466 U.S. 668 (1984). Where a petitioner enters a plea of guilty, he must first demonstrate that his attorney's performance was deficient, which requires a showing that counsel's advice regarding the plea was outside the "range of competence demanded of attorneys in criminal cases." *Hill*, 474 U.S. at 56 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)); *see Tollett*, 411 U.S. at 267. Second, petitioner must demonstrate that the defective performance prejudiced the plea process to such a degree that the plea cannot be trusted. *Hill*, 474 U.S. at 59.

Neither in his petition nor in his supporting brief does Stafford advance how counsel's pre-plea advice was deficient or prejudicial. (Docs. 1 & 3.) Instead, he repeatedly asserts that his counsel botched the suppression issue and thus "coerced" him into pleading guilty to avoid the imposition of consecutive, as opposed to concurrent, life sentences. (Doc. 1-2 at 12-19.) The connection between the alleged ineffectiveness, which occurred well in advance of the plea itself, and the entry of the

guilty plea, is simply too tenuous to merit serious consideration. *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) ("Wilson's claim of ineffective assistance is not about his decision to plead guilty . . . [so] the Court did not err in dismissing Wilson's claim, as it involves pre-plea issues, without conducting an evidentiary hearing); *see Hutchins v. Sec'y for Dep't of Corr.*, 273 F. App'x 777, 778 (11th Cir. 2008). Stafford simply cannot attack his guilty plea based upon alleged ineffectiveness in his suppression proceedings. If that were the case, the *Tollett* exception would swallow the guilty-plea waiver rule.

In applying *Hill* and *Strickland*, the state habeas court "carefully examined the performance of [Stafford's] counsel in the context of [his] guilty plea and f[ound] that [Stafford] failed to satisfy the *Strickland* standard." (Doc. 13-7 at 9.) Applying *Boykin*, the habeas court held that the plea was, in fact, voluntary. (*Id.* at 3-8.) Having identified and reasonably applied the relevant Supreme Court authority to the guilty plea itself and counsel's pre-plea advice, the state habeas court's determination as to the validity of the plea is due deference in this Court. 28 U.S.C. § 2254(d)(1). Since his plea was voluntary, Stafford waived all non-jurisdictional challenges to his conviction, including his claim of pre-

plea ineffectiveness based upon his attorney's failure to raise the fraud and misconduct issue during the suppression proceedings. Thus, to the extent Stafford asserts that his plea was involuntary, Grounds 2, 3 and 4 are meritless. Moreover, because Stafford's plea was voluntarily entered, it did not violate his right against self-incrimination, as he asserts in Ground 4.

C. **Procedural Default**

In addition, Grounds 2 and 3 are procedurally defaulted. The federal courts' respect of state procedural default rules is rooted in Supreme Court precedent. In *Coleman v. Thompson*, 501 U.S. 722 (1991), the Supreme Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Id.* at 750. Echoing that holding, the Eleventh Circuit has stated that a § 2254 petitioner who fails to properly raise his federal claims in state court is "procedurally barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the

13

default." *Bailey v. Nagle*, 172 F.3d 1299, 1302 (11th Cir. 1999) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)).

"Such procedural default can arise two ways. First, where the state court correctly applies a procedural default principle of state law to arrive at the conclusion that the petitioner's federal claims are barred, *Sykes* requires the federal court to respect the state court's decision." *Id.* (citing *Atkins v. Singletary*, 965 F.2d 952, 956 (11th Cir. 1992)). "Second, if the petitioner simply never raised a claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred due to a state-law procedural default, the federal court may foreclose the petitioner's filing in state court." *Id.* (citing *Snowden v. Singletary*, 135 F.3d 736, 737 (11th Cir. 1998)). Here, Stafford's default falls within the second category.

During his state habeas proceedings, Stafford argued that his trial counsel was ineffective. (Doc. 13-2 at 4; doc. 13-3 at 1-2; doc. 13-4 at 1; *id.* at 3-4.) Specifically, he claimed that counsel was deficient for "fail[ing] to conduct a full investigation into plausible lines of defense and inform[ing him] of the adverse consequences of pleading guilty." (Doc. 13-4 at 4.) He also generally alleged that his plea was not

14

intelligently and voluntarily entered. (*Id.* at 3.) Nowhere, however, did he specifically allege that his counsel erred or that his plea was invalid based upon counsel's failure to raise a claim that the DNA evidence collected from his person was obtained by fraud and police misconduct. (Doc. 1 at 5; doc. 1-2 at 7-16.) Stafford failed to "fairly present" to the state court the more specific claims raised in the present federal petition, and they are therefore unexhausted.[3]

---

[3] If a claim was not fairly presented to the state court, the claim is unexhausted. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *Ogle v. Johnson*, 488 F.3d 1364, 1368 (11th Cir. 2007). In determining whether a claim of ineffective assistance, for instance, has been fairly presented in state court, the Eleventh Circuit has held that "where the petitioner calls the state court's attention to ineffective assistance of counsel problems and the court examines the crucial aspect of counsel's representation . . . the petitioner may relitigate the constitutional claim in federal court." *Francis v. Spraggins*, 720 F.2d 1190, 1193 (11th Cir. 1983). But "habeas petitioners may not present particular factual instances of ineffective assistance of counsel in their federal petitions that were not first presented to the state courts." *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004) (quoting *Footman v. Singletary*, 978 F.2d 1207, 1211 (11th Cir. 1992)).

Furthermore, "'[i]t is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made. . . .' To exhaust the claim sufficiently, [a petitioner] must have presented the state court with th[e] particular legal basis for relief in addition to the facts supporting it." *Kelley*, 377 F.3d at 1350 (quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). That is, "to preserve a claim of ineffective assistance of counsel for federal review, the habeas petitioner must assert th[at] theory of relief and transparently present the state courts with the specific acts or omissions of his lawyers that resulted in prejudice." *Id.* at 1345.

Here, Stafford asserts that he attempted to build a record as to both claims before the state habeas court but was prevented from doing so, as noted in the Ground 1 discussion, above. Nevertheless, Stafford never stated anywhere in his habeas filings before the state court or during his state habeas hearing that an

Normally, a habeas petitioner with an unexhausted claim is given the choice to either (1) dismiss the petition and exhaust the claim in state court before resubmitting the claim in federal court or (2) amend and resubmit the federal habeas petition to present only unexhausted claims. *Kelley*, 377 F.3d at 1351. However, "when it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, [the court] can forego the needless "judicial ping-pong" and just treat those claims now barred by state law as no basis for federal habeas relief." *Id.* (quoting *Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998)). That is, "when a petitioner has failed to exhaust his claim by failing to present it to the state courts and the state court remedy is no longer available, the failure also constitutes a procedural bar" to consideration in a subsequent federal habeas proceeding. *McNair v. Campbell*, 416 F.3d 1291, 1305 (11th Cir. 2005)

---

unconstitutional fraud had been perpetrated upon him -- instead, he steadfastly insisted in a more general manner that the officer's handing over of the "blank warrant violated [his] Fourth Amendment right[s]" and his attorney failed to explore all "plausible lines of defense." (Doc. 13-4 at 4; doc. 13-5 at 21; doc. 13-2 at 4.)

"[T]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state record. The ground relied upon must be presented face-up and squarely." *Kelley*, 377 F.3d at 1345 (quoting *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988)). Stafford's present claims were not squarely presented to the state habeas court. As the state never had a full and fair opportunity to examine the facts underlying his claims, they are unexhausted. *Id.*; *Ogle*, 488 F.3d at 1368.

(citing *Coleman*, 501 U.S. at 735 n.1); see also *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[a] prisoner must exhaust his remedies in state court . . . before he presents those claims to a federal court in a habeas petition").

Under Georgia's successive petition rule, a petitioner is required to raise all grounds for relief in his initial or amended state habeas petition. O.C.G.A. § 9-14-51. Those grounds not raised in the initial petition are considered waived and cannot be raised in a subsequent petition. *Id*. In *Chambers v. Thompson*, 150 F.3d 1324 (11th Cir. 1998), the Eleventh Circuit made clear that:

> The Georgia statute restricting state habeas review of claims not presented in earlier state habeas petitions can and should be enforced in federal habeas proceedings against claims never presented in state court, unless there is some indication that a state court judge would find the claims in question "could not reasonably have been raised in the original or amended [state habeas] petition."

*Id*. at 1327. Stafford has presented no excuse for his failure to raise the issue in his state habeas proceeding.[4] Consequently, Grounds 2 and 3 are

---

[4] Moreover, Stafford has not argued cause and prejudice or actual innocence as a basis to excuse the procedural default of the claim. *See Johnson v. Singletary*, 938 F.2d 1166, 1174–75 (11th Cir. 1991) (discussing federal exception to procedural default rule as established in *Wainright v. Sykes*, 433 U.S. 72, 90-91 (1977)); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

procedurally barred from consideration in this Court. *Chambers*, 150 F.3d at 1327; *Ogle*, 488 F.3d at 1371.

## IV. CONCLUSION

For the foregoing reasons, Stafford's motion for relief pursuant to 28 U.S.C. § 2254 should be **DENIED**.

**SO REPORTED AND RECOMMENDED** this 27th day of October, 2009.

s/G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**
