UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

TYRON STAFFORD,
Petitioner,

v.                                         409CV112

TERRY DUFFEY, *Warden*,
Respondent.

## ORDER

Petitioner Tyron Stafford pled guilty in Chatham County Superior Court to one count of aggravated sodomy and two counts of rape. Doc. # 14 at 1. He did not file a direct appeal and instead filed a petition for state habeas relief. *Id.* That petition was denied as was his application for a certificate of probable cause to appeal the state habeas court's decision. *Id.* at 2-3. Stafford then petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. #1. The magistrate judge (MJ) issued a report and recommendation (R&R) denying that petition, doc. # 14, which this Court adopted, doc. # 17, and Stafford appealed, doc. # 19. His motion for a certificate of appealability (COA) is currently before the Court. Doc. # 20.

To obtain a COA, a § 2254 petitioner must show not only that one or more of the claims he has raised presents a substantial constitutional issue, but also that there is a substantial issue about the correctness of the procedural ground on which the petition was denied. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A "substantial question" about a procedural ruling means that the correctness of it under the law as it now stands is debatable among jurists of reason. 28 U.S.C.A. § 2253(c)(2); *Gordon v. Sec'y Dep't of Corr.*, 479 F.3d 1299, 1300 (11th Cir. 2007).

Stafford raises four issues on appeal. *See* doc. # 20 at 2-10. He alleges that this Court abused its discretion when it (1) declined to hold an evidentiary hearing on a purportedly defective search warrant; (2) did not examine his claim of ineffective assistance of counsel; (3) failed to overrule the state habeas court's refusal to let Stafford litigate his claims for fraud and ineffective assistance of counsel; and (4) relied on the MJ's R&R, which in turn relied on improper or insufficient evidence, to uphold the state habeas court's decision on the validity of Stafford's guilty plea. *Id.*

Because the MJ has made it clear to Stafford that his § 2254 petition is "wholly without merit," doc. # 14 at 7, the Court will not readdress the four issues raised by him in his motion for a COA. It is instead sufficient to reiterate that § 2254 relief may not be granted "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Stafford has shown neither. His claim that police used an unsigned and undated warrant to trick him into giving a saliva DNA sample is meritless,[1] and the state habeas court's decision to the contrary on this claim was not an unreasonable determination of the facts.[2] Stafford's claim that his guilty plea was invalid because of ineffective assistance of

---

[1] The original warrant was signed prior to the search and was otherwise constitutionally valid. *See State v. Stafford*, 277 Ga. App. 852, 853.

[2] Stafford's claim also fails because it pertains to a defect in a collateral proceeding – the state habeas proceedings. Doc. # 14 at 8. Those proceedings were not part of the judgment that led to his custody and are not cognizable under 28 U.S.C. § 2254. *Id.*

counsel is likewise frivolous. The state habeas court assessed the sufficiency of his trial counsel's representation and, after reasonable analysis of relevant Supreme Court authority, found nothing to undermine the voluntariness of his guilty plea.[3]

Stafford is not entitled to 28 U.S.C. § 2254 relief, and he has presented nothing to make this Court question the correctness of the procedural grounds upon which it has disposed of his petition. Stafford's motion for a COA is thus ***DENIED.*** Doc. # 20.

This day of 4 January 2010

*[signature]*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3] Any suggestion that Stafford's guilty plea was invalid because of counsel's failure to challenge the purportedly defective search warrant is an unexhausted claim that is procedurally barred from consideration by this Court. Doc. # 14 at 1-16.